NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 13, 2008[*]
Decided November 13, 2008

**Before**

DANIEL A. MANION, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-2568

| | |
|---|---|
| JEFF STRONG, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 08-017-WDS |
| | |
| ILLINOIS DEPARTMENT OF HUMAN | William D. Stiehl, |
| SERVICES, | *Judge.* |
| *Defendant-Appellee.* | |

**O R D E R**

Jeff Strong sued the Illinois Department of Human Services for discriminating against him, apparently in relation to the way it adjudicated the status of a traumatic brain injury he suffered. He sought relief under the Rehabilitation Act, 29 U.S.C. § 974, and the Americans with Disabilities Act, 42 U.S.C. § 12132. The district court screened the

---

[*] The appellee was not served with process in the district court and is not participating in this appeal. After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

complaint and dismissed it for failure to state a claim because the State of Illinois is immune from suit under either the ADA or Rehabilitation Act.

An appellate brief must contain legal argument, citation to legal authority, and a statement of the issues presented for review. FED. R. APP. P. 28(a). Strong's brief recounts his medical, educational, and vocational history, and narrates his interactions with the State, but he provides no legal argument or citation to supporting authority. Although we liberally construe pro se filings, "still we must be able to discern cogent arguments in any appellate brief, even from a pro se litigant." *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).

DISMISSED.